ST. PAUL, J.
 

 Plaintiff, relator here, seeks through the supervisory power of this court relief against a ruling by the district judge denying her a preliminary injunction and recalling a temporary restraining order. •
 

 I.
 

 Defendant, as legatee of her deceased husband, E. M. Treakle, was the holder of a certain promissory note of $2,200, dated January 12, 1914, and payable February 1, 1917, executed by Isaac D. Wall as attorney in fact of plaintiff, and representing the balance of the purchase price of a certain pecan orchard sold on January 12, 1914, by said E. M. Treakle to plaintiff through her said attorney in fact.
 

 The note not having been paid, and being secured by mortgage and vendor’s lien upon said pecan orchard, given and retained in the aforesaid act of sale, defendant sued out executory process upon said note against said orchard, whereupon plaintiff sought an injunction against the sale of the property on the ground (1) that the note was unauthorized by her, and (2) that the consideration has failed.
 

 II.
 

 Her contention is that the power of attorney, which is annexed to the deed of sale, did not authorize her said attorney in fact to bind her
 
 personally
 
 upon said $2,200 note, but only to make same payable out of the proceeds of the nut crops to be gathered from said orchard, to wit, “and for the remaining $2,200 [out of $5,200] her said agent is authorized to give one certain promissory note payable out of the proceeds of the nut crop upon the herein described premises on the-.day of-191-:— [sic], with interest,” etc.
 

 But the fact is that the note given by her said agent is an unqualified promise to pay $2,200 on February 1, 1917, and the sale was made for that consideration; the vendor nowhere consenting therein to any other.’
 

 So that plaintiff must either accept the sale as made and pay the balance of the price or repudiate the act of her agent in deviating from his powers and demand the cancellation of the sale and restitution of what has been paid on account. But she cannot by the indirect method herein pursued (if, indeed, she can do so at all) make over the deed of sale into a new and different contract to which her vendor never consented.
 

 And, if it be plaintiff’s pleasure to accept the sale as made, she cannot complain of an attempt to collect the balance of the purchase price, especially where the proceedings are wholly in rem against the property conveyed, and no personal judgment is, or could be, asked against her. Whilst, on the other hand, if it be her pleasure to repudiate the sale as made, it behooves her to bring her direct action against the heirs of the vendor to annul the sale and recover what has been paid on account.
 

 We are not here deciding that plaintiff’s contention as to her agent deviating from his powers is well founded; that can be decided only when properly presented. All that we are now deciding is that, even if her said contention be well founded, the remedy which she is now pursuing is not the proper one. And this was the view taken by the trial judge.
 

 III.
 

 The plea'of failure of consideration is based upon the alleged neglect of the vendor and his
 
 *869
 
 heirs to properly care for and cultivate the orchard.
 

 By the terms of the deed of sale the vendor was to remain in possession of the orchard and gather the crops until the note was paid in full, accounting to the plaintiff therefor; and he in turn obligated himself to care for and cultivate said orchard as long as he continued in possession thereof.
 

 The evidence on this point is conflicting; but the preponderance thereof is that the orchard was as well cared for and cultivated as the surrounding orchards, of which there are many; and the trial judge, who holds his court within a few miles of the property, found that the vendor and his heirs had complied with their obligation in this respect.
 

 Decree.
 

 The preliminary writs herein issued are therefore set aside, and it is now ordered that relator’s demand be rejected at her cost, without prejudice, however, to any other rights which she may have in the premises.